Christopher M. Ahearn (SBN 239089)
FEDERAL EXPRESS CORPORATION
3620 Hacks Cross Rd., Bldg. B-3
Memphis, Tennessee 38125
Telephone: (901) 275-7015
Email: christopher.ahearn@fedex.com

Michael S. Frey (SBN 216100)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone: 949.862.4638
Facsimile: 901.492.5641
Email: michael.frey@fedex.com

Attorneys for Defendant
FEDERAL EXPRESS CORPORATION

**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**LATEEF H. GRAY, ESQ., SBN 250055**
**MARLON L. MONROE, ESQ., SBN 251897**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208
Oakland, California 94607
Tel: (510) 929-5400
www.LawyersFTP.com
APointer@LawyersFTP.com
PBuelna@LawyersFTP.com
LGray@LawyersFTP.com
MMonroe@LawyersFTP.com

Attorneys for Plaintiff DONALD BRADFORD

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD BRADFORD,<br><br>            Plaintiff,<br><br>       v.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>            Defendant. | **Case No. 3:24-cv-05840**<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Pursuant to the Standing Order of All Judges of the Northern District of California – Contents of Case Management Statement, Plaintiff Donald Bradford ("Plaintiff" or "Bradford") and Defendant Federal Express Corporation ("Defendant" or "FedEx") (the "Parties") submit this joint case management statement for the case management conference currently set for January 8, 2024 at 2:00 p.m. (pacific time) (to be held via Zoom).

1. Jurisdiction and Service

The Parties agree that this Court has subject-matter jurisdiction pursuant to the federal Fair Credit Reporting Act, and that venue is proper in this Court in that the position Plaintiff applied for at FedEx, which application is at issue on his claims, was for a position in Alameda County, California. FedEx, the sole defendant, was served via acknowledgment and has responded to the pending First Amended Complaint.

2. Facts

Plaintiff applied for a position at FedEx in or about August 2022. FedEx made an offer of employment, which FedEx alleges was a conditional offer of employment. FedEx withdrew the offer based on information obtained from a criminal background report that it obtained regarding Plaintiff. Plaintiff claims that FedEx failed to provide the notices and otherwise comply with procedures required by the federal Fair Credit Reporting Act ("FCRA") and the California Investigative Consumer Reporting Agencies Act ("CICRAA"). FedEx denies this contention and alleges that it complied with all such requirements.

3. Legal Issues

The Parties have not, to date, identified any significant issues of legal dispute regarding what the requirements of the FCRA and CIRAA are.

4. Motions

There are no pending motions. FedEx expects that it will file a motion for summary judgment/partial summary judgment.

5. Amendment of Pleadings

The Parties do not presently anticipate any further amendments to pleadings and propose a deadline of March 31, 2025 for any motions to amend pleadings, with amendments thereafter requiring a motion to amend the scheduling order to allow for such a motion to amend.

6. Evidence Preservation

The Parties have reviewed the Court's ESI Guidelines and have conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. Disclosures

The Parties have exchanged initial disclosures.

8. Discovery

No discovery has been taken to date. The Parties do not believe that a stipulated e-discovery order at present. The Parties do not anticipate any need to modify discovery rules of the FRCP. Regarding a discovery plan and Rule 26(f), the parties anticipate taking the following discovery: (1) interrogatories, requests for admission, and requests for production; (2) deposition of Plaintiff and any relevant third party witnesses by FedEx; (3) deposition of key FedEx witnesses and 30(b)(6) by Plaintiff; and (4) depositions of experts and additional third party witnesses, as needed.

9. Class Action

This is not a class action.

10. Related Cases

There are no related cases.

11. Relief

Plaintiff seeks a judgment in his favor. Plaintiff seeks monetary and punitive damages according to proof against Defendants. Plaintiff also seeks reasonable attorney's fees and costs.

12. Settlement and ADR

The Parties request assignment to a U.S. Magistrate Judge for a settlement conference. The Parties believe that such a conference would be most productive after Plaintiff's deposition, and sufficient written discovery and document production, as well as a deposition of the key defense witnesses.

13. Other References

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

The Parties do not believe there are presently any steps that may be taken to narrow the issues in the case or to expedite the presentation of evidence at trial. **The issue most likely to be consequential to the case is the form, timing and content of FedEx's disclosures and other procedures undertaken to comply with the FCRA and CICRAA in relation to Plaintiff's application for employment.** FedEx intends to produce this material in discovery, as well as to make a witness or witnesses available for deposition to discuss such documents and procedures. The Parties are not aware of any procedures that may expedite the resolution of this issue. The Parties will confer prior to trial regarding stipulated facts or other procedures that may expedite the presentation of evidence to a jury.

15. Scheduling

The Parties propose the following dates:

Designation of experts – May 31, 2025

Close of all discovery – June 30, 2025

Hearing of dispositive motions – October 1, 2025

Pre-trial conference – November 12, 2025

Trial – January 12, 2026

16. <u>Trial</u>

Plaintiff has requested a jury trial. The Parties expect that trial will last for 2-3 court days.

17. <u>Disclosure of Non-party Interested Entities or Persons</u>

Defendant has filed a certification pursuant to Civ. L. R. 3-15.

Pursuant to Civil L.R. 3-15, FedEx's undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: FedEx Corporation, a publicly held corporation (NYSE: FDX). FedEx Corporation is the sole corporate parent of Federal Express Corporation and owns 100% of its stock.

18. <u>Professional Conduct</u>

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. <u>Other Matters</u>

None.

DATED:  January 2, 2025

                Respectfully submitted,


                By: ____*/s/ Michael S. Frey*_____
                     Christopher M. Ahearn
                     Michael S. Frey
                     Attorneys for Defendant
                     FEDERAL EXPRESS CORPORATION


DATED:  January 2, 2025         By: ____*/s/ Marlon L. Monroe*_____
                     Marlon L. Monroe
                     Attorney for Plaintifff
                     DONALD BRADFORD

<u>Signature Attestation</u>

Pursuant to Civil Local Rule 5-1(i)(3), I, Marlon L. Monroe, attest that each of the other Signatories listed above have concurred in the filing of the foregoing document.

DATED: January 2, 2025

By: ____*/s/ Marlon L. Monroe*_____
Marlon L. Monroe
Attorney for Plaintifff
DONALD BRADFORD